AYRES STOCKLEY, administrator of WILLIAM A. CLOUD, deceased, v. JOHN H. BEWLEY and WILLIAM G. TEMPLE, administrators of WILLIAM TEMPLE, deceased.

Upon the trial of an issue to ascertain and determine by the verdict of a jury if any and what amount is due on a judgment of several years' standing, where both of the parties are dead, and entered on a judgment bond and warrant of attorney by the administrators of the plaintiff five years after his death, a due bill given by him to the defendant for a sum of money subsequent to the date of the bond may be given in evidence against the judgment; but not that a deed was made on the same day as the bond by the plaintiff and wife for a lot of ground to the defendant to be followed up by proof that it was given for the consideration of the deed, and that the defendant soon after built a dwelling-house upon it which increased the value of it very much, but long afterward discovered that it was bound by a mortgage executed by Temple and wife to another person before the sale of it to him, and that the premises had since and very recently been sold on it at sheriff's sale to pay the mortgage, was not admissible evidence in such a case.

The presumption of payment from lapse of time is to be calculated from the entry of the judgment, and not from the date of the bond and warrant of attorney on which it is entered, but when it applies to the bond it will be too late to enter the judgment under the warrant of attorney executed at the same time with it.

THIS case came up on an issue awarded at the preceding term to ascertain and determine by the verdict of a jury whether any, and if so what, amount is due on a judgment in this court in favor of the administrators of William Temple, deceased, against William A. Cloud, No. 351, to April term, 1868, for the real debt of one hundred and fifty dollars, with interest from June 5th, 1851, entered by confession on bond and warrant of attorney, October 23d, 1868, with the following credits indorsed on the bond: October 13th, 1853, forty-eight dollars, and January 7th, 1856, twenty-four dollars and twenty-eight cents. The bond was dated June 5th, 1851, and was payable in fifteen equal annual installments. The record likewise showed that a writ of *fieri facias* had been issued on it to April term, 1859, and returned levied on goods to the amount of the debt, and that a writ of *venditioni exponas* had afterward been issued on it to April term, 1872, but there was no return of it, and the ex-sheriff then in office testified that it never was in his hands;

that he heard about it but it never came to his hands. William Temple died in 1863 and William A. Cloud in 1875. In addition to the foregoing set-offs the defendants admitted the plaintiff was entitled to a further credit of sixteen dollars on March 13th, 1853, while the defendants also claimed the amount of a book account from March 10th to September 15th, 1862, one hundred and twenty-two dollars and seventy-nine cents.

*Fulton*, for the plaintiff, then proved and offered in evidence a due bill from William Temple to William A. Cloud for sixty-six dollars and thirty-seven cents, dated February 11th, 1863, for work done by him about that time.

*Massey*, for the defendants, objected to the admissibility of it in evidence until it had also been proved that it was for work and labor and materials furnished, as alleged in the plaintiff's affidavit on which the judgment had been opened and the issue awarded, because the plea or defense of payment in the trial of it imported payment in money and not a set-off.

*Fulton* denied that such was the law in a case like this, which was on what is termed the equity side of the court and without any pleas entered in it, and if he had time he could show that such had been the decision of the court.

*The Court* overruled the objection on the ground that the only issue joined in the case had been formed under the order of the court as one of fact, and was in the broadest terms, whether anything, and if any what, was then due on the judgment in which the rule in relation to the plea of payment in an action at law did not apply, but the practice of the court had always been in such cases to admit such proof as had been offered to show that the judgment has been in fact paid either in whole or in part.

He next offered in evidence a deed from Temple and wife to Cloud for a lot of ground at Smyrna Landing, dated the same day as the bond on which the judgment had been entered, to

show, as he said that he expected to follow it up with further proof, that the judgment bond was given for the consideration of the deed, and that Cloud had afterward built a dwelling-house on the lot, increasing the value of it very much, but had long after that discovered that the lot was bound by a mortgage of it before its sale to him by Temple and wife to another person, and that the premises had since and very recently been sold on it at sheriff's sale to pay the mortgage.

*Massey* objected to the admissibility both of the deed and the proof with which he proposed to follow it.

*And the Court* ruled it out, *Wootten, J.*, remarking that it involved an inquiry more proper for a bill and answer in the court of chancery than in the Superior Court in such an investigation as was then before it.

*Massey* then proved the public advertisement of the administrators of Temple to all his creditors to present their claims to them for settlement, dated June 2d, 1863, and that the account of Cloud as then presented in the case against his estate was not probated by him until 1872.

*Fulton* cited *Rev. Code* 649, sec. 22 ; 2 *Houst.* 206. There was a *fi. fa.* execution issued on the judgment and levied on the goods and chattels of the defendants to the full amount of the debt and costs, on which a *venditioni exponas* was afterward issued but never returned, and upon those facts the presumption of law was that the judgment was paid. 4 *Harr.* 114 ; 1 *Del. Ch. Rep.* 365 ; 2 *Harr.* 4 ; 1 *Del. Ch. Rep.* 177 ; 5 *Otto* 173. The bond was payable in ten annual installments of fifteen dollars each, and the legal presumption of payment arising from lapse of time applied to each installment as it respectively fell due. 3 *Harr.* 421 ; 5 *Harr.* 42 ; 1 *Harr.* 500 ; 5 *Harr.* 506 ; 2 *Houst.* 400, 574 ; 4 *Harr.* 527.

*Massey:* A set-off could not be pleaded to a judgment, nor anything else which could not be pleaded to a *scire facias* upon

it. 2 *Houst.* 206, and what Houston, J., said in it. The fact which appeared as to the levy of the goods under the *fi. fa.* on the judgment that they remained unsold absolutely negatived any presumption either in law or fact that the judgment or the writ had been paid, but the statute of March 4th, 1875, had annulled that principle of the common law totally in this State. *Rev. Code.* 675, *sec.* 2. That no credit could be allowed on the judgment for work and labor without proof that it was to be so credited by the express agreement of the parties. The last item in the account of Temple was entered in 1862, and no presumption of the payment of the judgment could arise in less than twenty years after it was entered. The last installment of the bond and the judgment upon it was payable in 1861, the judgment was entered in 1868, and not only the confession of it was an admission by Cloud of the debt at that time, while the *fi. fa.* upon it and levy on his goods was a further rebuttal of the presumption if either had been necessary in the case. The case was then argued at length on the facts and the questions involved in them before the jury.

*The Court, Wootten, J., charged the jury :*

GENTLEMEN OF THE JURY : You are sworn to try an issue of fact as to whether anything is due and how much on a certain judgment in favor of John H. Bewley, surviving administrator of Wm. Temple, deceased, against Ayres Stockley, administrator of Wm. A. Cloud, deceased, the judgment having been entered by confession under warrant of attorney on the 23d of October, 1868, as of the April term of that year, and number 351, the real debt as entered on the record being one hundred and fifty dollars, with interest from June 5th, 1851, the date of the bond on which the judgment was entered, payable in ten equal annual installments, with interest on the whole amount due when the respective installments fell due. On this bond, which was put in evidence by the defendant in the judgment, are indorsed two credits, the one on the 13th of October, 1853, for forty-eight dollars, which is equal to and satisfies the two first installments with the interest which had then accrued on the whole amount of the bond, and the other credit indorsed on the bond was on

the 7th of January, 1856, for twenty-four dollars and twenty-eight cents, which is equal to and pays the third installment, and leaving an excess of two dollars and eight cents to be so much toward the fourth installment.    In addition to these two payments, the plaintiff in the judgment, by his counsel, admits a further payment of sixteen dollars to be credited on the bond or judgment as of the 13th of March, 1853, being a balance due Cloud on settlement, as appears on the books of Wm. Temple. Here the plaintiff in the judgment rested his case, claiming the balance appearing to be due on the judgment after deducting the payments just referred to, which is claimed to be two hundred and eighty-two dollars and sixty-eight cents, including debts, interest, and costs.

Here at this stage of the case the administrator of Cloud, who was the obligor in the bond and defendant in the judgment, lays before you his defense of law and evidence to show that the judgment has been paid or that the bond was paid in the lifetime of Temple and before judgment was entered, Temple, according to the evidence, having died on the 27th of May, 1863.    The first branch of his defense is that Cloud held a due bill against Temple for the amount of sixty-six dollars and thirty-seven cents, dated February 11th, 1863, which with interest, they say; amounts to one hundred and three dollars and eight cents.    They also claim the amount of a book account against Temple running from the 10th of March, 1862, to the 15th of September, 1862, amounting to one hundred and twenty-two dollars and seventy-nine cents, which they allege was for work on vessels.    These sums are claimed as payments or by way of set-off to the bond and judgment, which, if allowed by you, will extinguish the entire debt alleged to have been due to the administrator of Temple under the judgment in question. The second branch of the defense set up is that a *fi. fa.* was issued on the judgment and a levy made on property sufficient to pay and discharge the debt, and that, therefore, the judgment was by legal presumption paid, and that there is now nothing due on it. Thirdly, it is insisted that the claim of the plaintiff in the judgment is barred by the statute of limitations, or perhaps I should say by the presumption arising from the lapse of time, etc.,

so that it is insisted that on all or either of these grounds of defense, if sustained, there is nothing due from the administrator of Wm. A. Cloud to the surviving administrator of Wm. Temple, deceased, and, therefore, they claim your verdict accordingly.

To these several propositions or branches of defense, the administrator of Temple, who is the plaintiff in the judgment against Stockley, the administrator of Cloud, by his counsel replies, first, that as to the due bill and book account there is no evidence of any agreement between the parties that they were to be credited on the bond or to be received for so much in payment thereof, and that in the absence of such evidence they contend that they cannot be allowed by you as payments on the bond or judgment. And if they are offered, as they seem to have been by way of set-off, they are objected to, being, as the plaintiff in the judgment alleges, barred by the statute of limitations. And as to the allegation that the judgment is barred by the presumption of payment, it is replied that, before the presumptive bar operated a judgment was entered in this court under the warrant of attorney to confess judgment, which warrant of attorney was attached to the bond and authorized the confession of judgment. To this, the administrator of Cloud, by his counsel, replies that the confession of judgment in no wise interferes with or prevents the bar arising from the lapse of time, because it is said it runs from the date of the bond, and that its operation is not stayed or prolonged by the judgment.

I have now, gentlemen, presented this case to you in all its aspects as clearly and comprehensively as I am able to do with the limited time afforded me, and it now becomes my duty to announce to you the opinion of the court on the law in reference to all the matters which have been submitted to you on both sides.

We say to you, then, that the judgment given in evidence to you is a valid one and the amount of it is due from the administrator of Cloud to the administrator of William Temple, deceased, unless the matters of defense set up, or some of them, have been established to your satisfaction when you shall have been instructed as to the law applicable to them. And now we have to say to you that to entitle the defendant in the judg-

ment to the benefit of the due bill and book account, for they both stand on the same principle, it must be proved to your satisfaction that there was an agreement or understanding between the parties, Temple and Cloud, that they were to be considered and received by Temple as credits or payments on the bond in question to the amount of them respectively, otherwise you cannot allow them as credits or payments on the bond or judgment, though true it may be that Temple owed the due bill and account *non constat*, that they were to go for so much in payment of the bond, and if Temple had a book account against Cloud, in the absence of such an agreement and understanding he had the right to apply any due bill or account Cloud had against him to his book account or to the bond in his discretion and as he might think proper, and if they are to be considered as a set-off, and the counsel for the administrator of the defendant in the judgment insisted on their allowance as such, we have to say to you that if the due bill was given by Temple to Cloud more than six years, and of that fact you are to judge and determine— it appears to be dated on the 11th day of February, 1863—you have it before you, however, and must pass upon it, being a matter of fact for your consideration and determination and not ours ; and so too as to the book account of Cloud against Temple, it is our duty to say to you that if it has been three years since the last item of that account was charged without some recognition of its existence and admission that it was due and existing within three years anterior to this time, it too is barred by the statute of limitations and cannot be allowed by you as a credit on the judgment in question or in payment for so much thereof—the same qualification or principle of recognition or admission applies to the due bill, except the time in which they must be made in reference to the due bill is six years.   But we say to you, further, that if they are not barred, of which fact, however, there is no sort of doubt, they could not be allowed by you as credits or payments on the bond and judgment unless, as we have before said, there is satisfactory proof of an agreement between the parties that they should be so allowed, and I believe it is not pretended that there was any such evidence given to you.

Now, gentlemen, I come to the question presented by the counsel for the administrator of Temple, who was the holder of the bond against Cloud, and on which the judgment before us was entered in answer to the allegation on the part of the defendant in the judgment by his counsel, that the debt on the bond and judgment is barred by the presumption of payment arising from the lapse of time, being twenty years as to a bond or judgment. In all cases it is, however, but a presumptive bar, which may be rebutted by payments of interest or principal within the twenty years, or by an admission of the existence of the debt and that it is due and unpaid. There is no evidence of this sort and none was offered, and did the case stand on the bond alone the bar of 'the presumptive payment would operate and nothing could be recovered on the bond except such installments as did not fall due until a period within twenty years from the date of the bond; but before the presumption of payment arose the debt had passed to a higher grade by the judgment entered in this court on confession by authority of a warrant of attorney, a judgment having been entered on the 23d of October, 1868, about two years and five months before the presumptive payment could arise. Now we do not say that the entry of this judgment, had it been after the lapse of time, which raises the presumption of payment, would remove the bar; on the contrary, we say it would not; but a judgment having been entered before the bar was operative, the debt passed to one of a higher grade, that of a judgment, and any future bar based on the presumption of payment from the lapse of time must run from the date of the judgment and not from that of the bond. Judgment on confession without writ is of the same character as one obtained in a suit with writ. Now how would the presumption of payment operate as a bar to a judgment recovered in a suit by writ on a bond and judgment confessed at the trial term, as is an every day's practice in this court—how is the one distinguished from the other? In such a case from what time would the presumption of payment begin to run— from the date of the bond on which suit was instituted or from the date of the judgment? Clearly from the date of the judgment. The bond in either case merges and is only after judgment.

the basis of the judgment, and not evidence of the debt, and in no wise can it be used as such.   The judgment is of a higher grade, made so by recognized principles of law, and is the proper evidence of the debt, and all proceedings to avoid the payment of the debt must be directed against the judgment, not the bond.   We say to you, then, that this judgment having been obtained on the 23d of October, 1868, the presumption of payment by the lapse of time does not arise, and the judgment is therefore not barred, unless some circumstances have been proved coupled with the lapse of a shorter period than twenty years from which you can infer payment.   We are not aware of any circumstances which have been relied upon in the argument; but that is a matter for your consideration and not our province.

There is one other matter which I have not noticed in its order and will do so now, though it is not at all important to the discussion of the case.   The counsel for the plaintiff in the judgment gave in evidence a *fi. fa.* and levy made under it on the property of the defendant, which proceeding was stayed by the plaintiff's order.   It was insisted that this was evidence to save the plaintiff's debt from the operation of the presumptive bar from the lapse of time.   We think not, being the act of the plaintiff, who cannot by his own acts remove or prevent the bar. This proceeding was sought to be used by both parties, the counsel for the defendant in the judgment claiming that the levy, made on property to an amount sufficient to pay the debt, the presumption was in the absence of the sheriff's return, the writ being lost, that the execution was settled; this presumption, however, is made unavailable by the statute to be found on page 675 of the *Revised Code, section* 2; and aside from this the defendant's counsel called the late sheriff, in whose hands the execution was placed and who made the levy, and he testified that he never received the money under the execution or any part thereof, and that all the money he received was applied to prior executions; so that all of this is out of the way—there is nothing in it for either side.

I believe, gentlemen, I have now said all that is necessary for me to say, and I hope I have made myself sufficiently intelligible

to be understood by you. You will now take the case and decide it on the evidence before you and the law, as I have announced it to you, according to the dictates of your best judgment.